UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE FRANCISCO GARCIA,

        Plaintiff,

    v.

C. ZELLER; M. WARE; ENDERBY; MARKRAF; WHITE; SERGEANT ARGUELLO,

        Defendants.

Case No. 2:20-cv-00149-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983 and alleged the use of excessive force. The parties have consented to final judgment by magistrate judge. *See* 28 U.S.C. § 636(c).

    Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to exhaust his administrative remedies. For the reasons explained below, defendants' motion is granted.

1 -   OPINION AND ORDER

DISCUSSION

Plaintiff alleges that defendants used excessive force against him during an incident on May 18, 2019 at the Eastern Oregon Correctional Institution. Defendants contend that plaintiff did not file a grievance regarding the incident and did not exhaust his available administrative remedies.

To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). Inmates must exhaust all available grievance remedies before filing a § 1983 action, including appealing grievance decisions to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the prisoner's attempts to exhaust or failed to follow correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

In 2018, ODOC employed a three-step administrative grievance and appeal process. *See former* Or. Admin. R. 291-109-0150. Defendants present evidence that plaintiff did not file a grievance regarding the incident on May 18, 2019 to assert the use of excessive force. *See Sobotta* Decl. ¶¶ 10-11 & Att. 4 (ECF No. 38). Plaintiff does not dispute these facts. Thus, defendants have met their burden of showing plaintiff's failure to exhaust.

In response to defendants' motion, plaintiff moved for permission to exhaust his administrative remedies for his claim. *See* Motion for Order (ECF No. 41). However, an inmate must exhaust the grievance process before filing suit. *Jackson*, 870 F.3d at 933; *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (district courts must dismiss actions without prejudice where the prisoner failed to exhaust administrative remedies prior to filing suit).

Plaintiff filed a subsequent response and argued that the grievance process was effectively unavailable to him because he received a misconduct report on May 18, 2019 arising

from his interaction with correctional officers. Plaintiff emphasizes that inmates are not permitted to grieve "[m]isconduct reports, investigations leading to or arising from misconduct reports, or disciplinary hearings, findings and sanctions." *Former* Or. Admin. R. 291-109-0140(3)(e).

Granted, plaintiff received a misconduct report on May 18, 2019 for allegedly committing the violations of Disobedience of an Order and Disrespect. *See* Compl. Ex. 1 (ECF No. 2-2). However, plaintiff's claim does not challenge the basis of the misconduct report or his disciplinary sanctions. Rather, plaintiff alleges that defendants used excessive force against him when they escorted him to the disciplinary segregation unit. *See Sobotta* Decl. ¶¶ 6-7 (stating that plaintiff could have submitted a grievance and that inmates "can grieve use of force by staff").

Accordingly, plaintiff fails to show that the grievance process was effectively unavailable to him, and his claims are barred from federal review by the failure to exhaust.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 37) is GRANTED, and plaintiff's Motion for Order (ECF No. 41) is DENIED. This action is DISMISSED without prejudice.

DATED this 21st day of April 2021.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge

4 -   OPINION AND ORDER